# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| EHSAN HAMED | § § | |
| v. | § § | Civil Action No. 4:17-CV-00675 |
| FRY'S ELECTRONICS, INC. | § § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Fry's Electronics, Inc.'s Motion to Compel Arbitration (Dkt. #3). The Court, having considered the relevant pleadings, finds the motion is granted.

## BACKGROUND

On August 17, 2015, Plaintiff Ehsan Hamed began working for Defendant Fry's Electronics, Inc. On that same date, she signed an Agreement to Arbitrate Disputes Regarding Employment ("Arbitration Agreement"). The Arbitration Agreement states in pertinent part:

> [Plaintiff] and [Defendant hereby agree that any and all disputes and/or controversies that [Plaintiff] has with [Defendant] or [Defendant] has with [Plaintiff] . . . arising from or in any way related to [Plaintiff's] employment by [Defendant], including but not limited to claims for damages and violations of state, federal and/or local laws and regulations related to harassment, wrongful termination, and/or discrimination . . ., shall be determined and decided by final and binding arbitration pursuant to the substantive and procedural provisions of the Federal Arbitration Act, and state law to the extent state law would otherwise be applicable, is consistent with the Federal Arbitration Act, and does not preclude or delay arbitration or apply to void or invalidate this Agreement or any portion of this Agreement. . . . In order to fully benefit from the arbitration process, [Plaintiff] and [Defendant] understand that they are waiving all rights to a court or jury trial and to a government administrative process for all disputes covered by this Agreement.

(Dkt. #3, Exhibit A at p. 2, ¶ 1).

On September 25, 2017, Plaintiff filed her Original Complaint against Defendant alleging sex discrimination, harassment, hostile work environment, and retaliation in violation of state and federal law (Dkt. #1). On November 1, 2017, Defendant filed this Motion to Compel Arbitration (Dkt. #3). On November 15, 2017, Plaintiff filed a response (Dkt. #5). On November 29, 2017, Defendant filed a reply (Dkt. #6).

## LEGAL STANDARD

"The Federal Arbitration Act ("FAA") expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004). The FAA, "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

When considering a motion to compel arbitration, the Court must address two questions. *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009) (citing *Fleetwood Enterprises Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). "First, whether there is a valid agreement to arbitrate, and second, whether the dispute in question falls within the scope of the arbitration agreement." *Id.* Concerning the first question of contract validity, the Court should apply "ordinary state-law principles that govern the formation of contracts." *Id.* (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The second question of scope is answered "by applying the 'federal substantive law of arbitrability . . . .'" *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

## ANALYSIS

As a preliminary matter, Plaintiff filed a two-sentence response stating in total:

> Although Plaintiff does not agree that she should be forced to binding arbitration with Defendant, Plaintiff files this non-response to Defendant's Motion to Compel Arbitration. If the Court compels arbitration, Plaintiff requests the Court abate this action until arbitration concludes, and requests the Court appoint one of the following as the arbitrator in this case: Bobby Lee, Bill Lamoreaux, Karen Washington, or Karen Fitzgerald.

(Dkt. #5). Local Rule CV-7(d) provides as follows:

> **Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. **Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.**

Local Rule CV-7(d) (emphasis added). Plaintiff presents no arguments or authority stating the reasons she is in opposition to this motion to compel. Since Plaintiff response is deplete with any reason the Court should not compel arbitration, the Court will assume that she is not opposed to the Court granting Defendant's motion.

When ruling on a motion to compel arbitration, the Court must first determine whether there is a valid agreement to arbitrate applying ordinary state-law principles that govern the formation of contracts. *Graves*, 568 F.3d at 222. "In applying state law, however, due regard must be given to the federal policy favoring arbitration." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). "In determining whether the parties agree to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement." *Wash. Mut. Fin. Grp., LLC v.*

*Bailey*, 364 F.3d 260, 264 (5th Cir. 2004). The Court finds Texas contract law applies.[1] Under Texas law, a binding contract exists when each of the following elements are established: (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) a communication that each part consented to the terms of the contract; (5) execution and delivery of the contract with the intent that it be mutual and binding; and (6) consideration. *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

The Agreement meets the requirements of Texas law for formation of a contract. Plaintiff's signature evidences her clear acceptance of the offer. Plaintiff offers nothing to dispute Defendant's contention that there was a valid contract, which included an arbitration clause. Because the Agreement was unconditionally signed by Plaintiff and delivered to Defendant, and Defendant, moved forward with employing Plaintiff, there is no doubt that it was properly executed, delivered, and acted upon as an agreement. *See Garcia v. Villareal*, 478 S.W.2d 830, 832 (Tex. App.—Corpus Christi 1971, no writ). "Absent fraud, misrepresentation, or deceit, a party is bound by the terms of the contract he signed, regardless of whether he read it or thought it had different terms." *In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005). Here, there is no evidence of fraud, misrepresentation, or deceit. The Court finds that the parties' agreement to arbitrate is valid and enforceable. Because the Agreement was signed and accepted by Plaintiff, the Agreement is valid and enforceable.

The second step of the Court's analysis is to determine the arbitration clause's scope by applying the federal substantive law of arbitrability. *See Mitsubishi*, 473 U.S. at 626. Plaintiff

---

[1] This choice-of-law analysis was not raised in either parties' briefing and neither party disputes that Texas law should apply. Plaintiff's employment for Defendant was located in Collin County, Texas, and she has alleged claims seeking protection under Texas labor laws. Therefore, the Court finds that Texas "has [a] substantial relationship to the parties" or "application of the law of [Texas] would [not] be contrary to a fundamental policy of a state which has materially greater interest than [Texas]. *Cardoni v. Prosperity Bank*, 805 F.3d 573, 581 (5th Cir. 2015).

seeks to resolve claims arising under her employment agreement and relating to her termination. Defendant argues that the employment agreement expressly and unambiguously require the parties to arbitrate "any and all disputes . . ., arising from or in any way related to [Plaintiff's] employment by [Defendant], including but not limited to claims for damages and violations of state, federal and/or local laws and regulations related to harassment, wrongful termination, and/or discrimination." (Dkt. #3, Exhibit A at p. 2, ¶ 1). All of Plaintiff's claims are employment-related and fall within the broad scope of the arbitration clause.

The Court finds this action falls squarely within the plain language of the arbitration clause. The Court finds the parties should resolve their disputes in arbitration pursuant to their agreement. *See Bailey*, 364 F.3d at 263. Under the FAA, once a court finds that arbitration is required, it must stay the underlying litigation to allow arbitration to proceed. 9 U.S.C. § 3.

In the event that the Court compels arbitration, Plaintiff requests, in the alternative, that the Court to appoint an arbitrator from a list of names she provided in her response (Dkt. #5). The Federal Arbitration Act allows for a party to request a court to appoint an arbitrator. *See* 9 U.S.C. § 5. However, such an application is only appropriate when (1) the arbitration agreement does not provide a method for selecting an arbitrator; (2) the agreement does provide a selection method and any party fails to avail itself of such method; or (3) if for any other reason there is a "lapse" in the naming of an arbitrator or arbitrators. *See* 9 U.S.C. § 5; *BP Exploration Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 486–87 (5th Cir. 2012).

The Arbitration Agreement at issue here states that "[t]the Arbitrator shall be selected by agreement of [Plaintiff] and [Defendant], or by order of the court if [Plaintiff] and [Defendant] cannot agree." (Dkt. #3, Exhibit A at p. 2, ¶ 3). Thus, the Arbitration Agreement provides a method of naming an arbitrator.

5

The Fifth Circuit has defined "lapse" under 9 U.S.C. § 5 as "a lapse in time in the naming of the arbitrator or in the filling of a vacancy on a panel of arbitrators, or some other mechanical breakdown in the arbitrator selection process." *BP Exploration Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 486–87 (5th Cir. 2012). Plaintiff has presented no facts to establish there is a lapse in time of naming an arbitrator. *See Id*. at 491. The only possible "lapse" or other "mechanical breakdown" that can be inferred by the parties' actions is Plaintiff's refusal to arbitrate. "Neither the specific language of the FAA or Fifth Circuit caselaw defines 'lapse' to include a party's refusal to participate in arbitration." *AVIC Int'l USA, Inc. v. Tang Energy Grp., Ltd.*, No. 3:14-CV-2815-K, 2015 WL 477316, at *4 (N.D. Tex. Feb. 5, 2015), *aff'd*, 614 F. App'x 218 (5th Cir. 2015). Therefore, the Court does not have jurisdiction on that basis and denies Plaintiff's request for the appointment of an arbitrator at this time. *Id*.

## CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff's allegations are arbitrable and are within the scope of a valid arbitration agreement between Plaintiff and Defendants.

It is therefore **ORDERED** that Defendant's Motion to Stay Pending Action and to Compel Arbitration (Dkt. #3) is hereby **GRANTED** and the case is **STAYED** pending arbitration.

**SIGNED this 11th day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE